**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00238-MR
CRIMINAL CASE NO. 2:08-cr-00024-MR-DLH-1**

| | |
|---|---|
| JAMES KANE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's "Emergency Motion for Relief under 28 U.S.C. § 2241" [CV[1] Doc. 1] and the United States' Motion to Dismiss [CV Doc. 3].

**I.    BACKGROUND**

In August 2008, the Petitioner James Kane was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 7]. The Petitioner pled guilty to the offense. [CR Docs. 22, 23].

---

[1] Because this Memorandum and Order must reference documents contained on the docket in both Petitioner's civil case and his criminal case, the Court will cite to documents from the Petitioner's civil case with the prefix "CV." The Court will cite to documents from the Petitioner's criminal case with the prefix "CR."

In preparation of the Petitioner's sentencing, the probation office prepared a Presentence Report ("PSR"), in which the probation officer calculated a total offense level ("TOL") of 30 and a criminal history category ("CHC") of IV, yielding a preliminary advisory guidelines range of 135 to 168 months' imprisonment. [CR Doc. 26: PSR at ¶¶ 39, 56, 92]. Based on the Petitioner's prior New Jersey convictions for reckless use of a deadly weapon, two counts of burglary, and aggravated sexual assault, the probation officer concluded that the Petitioner qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). [Id. at ¶¶ 37, 47, 51, 53]. This increased his mandatory minimum term of imprisonment to 180 months. [Id. at ¶ 92].

The Petitioner objected to his classification as an armed career criminal, asserting that he had pled to a lesser offense than reckless use of a deadly weapon. [Id. at 23]. The Petitioner also challenged whether his burglary convictions qualified as enumerated offenses, arguing that the New Jersey burglary statute did not constitute generic burglary. [Id. at 26]. At the sentencing hearing in March 2010, this Court overruled the Petitioner's objections and sentenced him to 180 months' imprisonment. [CR Doc. 45: Sent. Tr. at 35-36, 44; CR Doc. 35: Judgment].

2

The Petitioner argued on direct appeal that the Court erred in determining that his prior New Jersey convictions for burglary qualified as predicate offenses under ACCA. The Fourth Circuit affirmed, holding that although the New Jersey burglary statute included "both generic burglary and other offenses," the indictment established that the Petitioner pled guilty to unlawfully entering a building with the intent to commit a crime therein and that his prior convictions therefore qualified as enumerated offenses. United States v. Kane, 434 F. App'x 175, 176-77 (4th Cir. 2011). The United States Supreme Court denied the Petitioner's petition for a writ of certiorari. Kane v. United States, 565 U.S. 1160 (2012).

In July 2012, the Petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255. [Civil Case No. 2:12-cv-00027-MR, Doc. 1]. In his motion, the Petitioner argued that his New Jersey conviction for reckless use of a deadly weapon was not punishable by more than one year and thus did not qualify as an ACCA predicate pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In May 2014, this Court denied the Petitioner's motion and declined to issue a certificate of appealability, concluding that the New Jersey conviction was punishable by up to eighteen months in prison and thus was properly considered as an ACCA predicate. [Id., Doc. 6].

In 2016, the Petitioner received authorization from the Fourth Circuit to file a second § 2255 Motion to Vacate in which he challenged his ACCA sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). [Civil Case No. 1:16-cv-00146-MR, Doc. 1]. In this motion, the Petitioner argued that his burglary convictions no longer qualify as enumerated offenses under ACCA in light of Descamps v. United States, 570 U.S. 254 (2013). The Court dismissed the § 2255 Motion to Vacate, reasoning that the Fourth Circuit had determined on direct appeal that the Petitioner was properly sentenced under ACCA without application of the residual clause, and therefore, the Petitioner's sentence did not implicate Johnson. [Id., Doc. 9]. The Fourth Circuit affirmed. United States v. Kane, 706 F. App'x 141 (4th Cir. 2017).

In August 2019, the Petitioner filed the instant § 2241 petition, again arguing that he is entitled to relief under Descamps as well as Mathis v. United States, 136 S. Ct. 2243 (2016), and relying on the savings clause under 28 U.S.C. § 2255(e) to assert his claim. [CV Doc. 1]. The Government moves to dismiss the petition for lack of jurisdiction, arguing that the Petitioner cannot meet the savings clause requirements in this case.[2]

---

[2] While § 2241 generally directs that petitions must be filed in the district of confinement; this venue requirement is subject to waiver by the Government. See Kanai v. McHugh,

## II. DISCUSSION

A federal prisoner generally must challenge the legality of his conviction or sentence through a motion to vacate filed under 28 U.S.C. § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2241 is generally reserved for challenges to the execution of a sentence, as opposed to its validity. 28 U.S.C. § 2241(a); Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015). However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or sentence by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if he can demonstrate that proceeding under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Vial, 115 F.3d at 1194.

A § 2255 motion "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision" or is procedurally barred from such a motion. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Rather, § 2255 is inadequate and ineffective to test the legality of a sentence when:

---

638 F.3d 251, 258 (4th Cir. 2011). Petitioner is presently incarcerated at FTC Oklahoma City, Oklahoma. The Government, however, does not object to the present petition being filed and heard in this Court. [CV Doc. 3 at 4 n.2].

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S.Ct. 1318 (2019). If a § 2241 petition does not fall within the scope of the savings clause, the Court must dismiss the petition for lack of jurisdiction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

To satisfy the first Wheeler factor, a petitioner must show that binding precedent from the Fourth Circuit or the Supreme Court foreclosed his claim at the time of sentencing. Jones, 226 F.3d at 330, 333 (allowing § 2241 petition asserting claim under Bailey v. United States, 516 U.S. 137 (1995), because Bailey "overruled the prior law of this circuit"); Wheeler, 886 F.3d at 420, 429 (where petitioner's § 2255 claim had been foreclosed by circuit

precedent, holding "a change in this circuit's controlling law will suffice" to invoke the savings clause).

Here, the Petitioner contends that he satisfies the first Wheeler prong because the Fourth Circuit's decision on direct appeal affirming his conviction and sentence "applied *then-existing law* to hold that his prior New Jersey burglary conviction qualified as generic burglary under the modified categorical approach." [CV Doc. 1 at 4] (emphasis added). The Petitioner, however, misstates the standard. The Petitioner must show more than the Court ruled against him applying existing law, but rather that the result in his case was dictated by a settled prior precedent of the Circuit or the Supreme Court. An examination of the decision disposing of the Petitioner's appeal shows no such prior binding precedent. On the contrary, the parameters of the application of the modified categorical approach were very much up in the air at the time of the Petitioner's appeal. See, e.g., United States v. Rivers, 595 F.3d 558, 564 (4th Cir. 2010) (rejecting application of the modified categorical approach where "the statute only contains one category of crime"); United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008) (recognizing the modified categorical approach applies when a state statute is categorically overbroad); Taylor v. United States, 495 U.S. 575, 600-01 (1990) (holding it is the elements of the offense, not the facts of conviction

that matter). It was not until 2012 that the Fourth Circuit finally held that "the modified categorical approach applies only to those statutory offenses in which the statute itself is divisible." United States v. Gomez, 690 F.3d 194, 200 (4th Cir. 2012).[3] Under these circumstances, there was no "settled law" that precluded the Petitioner from arguing at sentencing that the New Jersey burglary statute was not divisible and therefore his burglary convictions were not crimes of violence. The Petitioner, therefore, fails to satisfy the first Wheeler factor.

To meet the second Wheeler factor, a petitioner must show that "the aforementioned settled substantive law changed" subsequent to his direct appeal and first § 2255 motion and that this change was deemed to apply retroactively on collateral review. Wheeler, 886 F.3d at 429. Here, the Petitioner argues that the Supreme Court's decisions in Descamps and Mathis constitute a change in the substantive settled law.

As noted above, the Petitioner has not shown that there was "settled substantive law" that foreclosed his argument that the modified categorical approach did not apply to his burglary convictions. Even if the Petitioner could demonstrate that there was adverse settled law, he has not shown that

---

[3] In doing so, the Fourth Circuit did not indicate that it was overruling any prior, binding precedent, nor could it have done so because Gomez was a panel decision.

the alleged change in the law occurred *subsequent* to his first § 2255 motion. The Fourth Circuit's decision in Gomez, discussed above, was decided prior to Descamps and Mathis and while the Petitioner was pursuing relief in his first § 2255 motion. See United States v. Hemingway, 734 F.3d 323, 329 (4th Cir. 2013) (recognizing that Descamps "underscored the validity of the divisibility analysis that our Court had already employed"). Descamps also was decided on June 20, 2013, while the Petitioner's first § 2255 motion was still pending. Thus, the Petitioner also cannot meet the second Wheeler factor because any change in law did not occur subsequent to his first § 2255 motion.

Moreover, the Petitioner cannot meet the second Wheeler factor because Descamps and Mathis were not deemed to apply retroactively on collateral review. Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018) ("Descamps and Mathis did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements.").

In sum, the Petitioner has failed to demonstrate that at the time of sentencing, settled law of this circuit or the Supreme Court foreclosed hi

claim and that this settled substantive law changed and was deemed to apply retroactively on collateral review. As such, the savings clause of § 2255(e) does not apply and the Court therefore lacks jurisdiction over this § 2241 petition.

## III. CONCLUSION

For the foregoing reasons, the Petitioner's "Emergency Motion for Relief Under 28 U.S.C. § 2241" is denied, and the United States' Motion to Dismiss is granted.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the United States' Motion to Dismiss [CV Doc. 3] is **GRANTED**, and Petitioner's Emergency Motion for Relief Under 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and **DISMISSED**.

The Clerk of Court is respectfully instructed to close this civil case.

**IT IS SO ORDERED**.

Signed: April 13, 2020

Martin Reidinger
United States District Judge